NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN RAMIREZ-RUIZ,

 Petitioner-Appellant,

v.

PATRICK COVELLO, Warden,

 Respondent-Appellee.

No. 24-5318

D.C. No. 3:22-cv-05777-TLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Submitted July 11, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.[***]

Petitioner-appellant Benjamin Ramirez-Ruiz was convicted in California

state court of sex offenses against his minor daughter, Brenda Doe. He timely

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

appeals from the district court's decision denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review *de novo* the district court's denial of Ramirez-Ruiz's habeas petition. *See Catlin v. Broomfield*, 124 F.4th 702, 721 (9th Cir. 2024). We apply the "deferential standard" set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* Under AEDPA, "we must defer to the state court's decision on any claim adjudicated on the merits unless the decision was 'contrary to, or involved an unreasonable application' of 'clearly established Federal law.'" *Avena v. Chappell*, 932 F.3d 1237, 1247 (9th Cir. 2019) (quoting 28 U.S.C. § 2254(d)). "As a condition for obtaining habeas corpus from a federal court, a petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Here, the California Court of Appeals held that Ramirez-Ruiz's rights under the Confrontation Clause were not violated by the admission into evidence of a recording that a police officer surreptitiously made of an interview between Doe and a child protective services investigator. The California Court of Appeals concluded that Doe's statements did not constitute "testimonial" hearsay, *see*

*Crawford v. Washington*, 541 U.S. 36, 63 (2004), and were made for a "primary purpose" other than "creating an out-of-court substitute for trial testimony," *see Ohio v. Clark*, 576 U.S. 237, 250–51 (2015) (cleaned up). The California Court of Appeals also found that Ramirez-Ruiz's rights under the Confrontation Clause were not violated by denying him the opportunity to cross-examine his daughter.

*De novo* review supports the state court's finding that the primary purpose that Doe and the investigator had as "reasonable participants" in their discussion was to complete the investigator's safety check, not to assist the police or prosecution. *Michigan v. Bryant*, 562 U.S. 344, 360 (2011). The investigator spoke with Doe during an ongoing emergency—Ramirez-Ruiz's sexual abuse of Doe over the course of some three months—to assess the risk of harm to Doe and determine the risk of "possible danger to the potential victim." *See Davis v. Washington*, 547 U.S. 813, 832 (2006); *id.* at 822 (statements to police are nontestimonial when their primary purpose is to meet an ongoing emergency); *Clark*, 576 U.S. at 249 (concluding that hearsay was nontestimonial where its primary purpose was to protect minor child and "remove him from harm's way"). Furthermore, the investigator's interview with Doe was both informal and brief. *See Crawford*, 541 U.S. at 51 (characterizing formal statements as made, in part, with the expectation of prosecutorial use).

24-5318

Although Ramirez-Ruiz points to decisions in which courts in other states concluded that certain statements to child protective service workers constituted testimonial hearsay, he identifies no holding by California state courts that treats an analogous interview as giving rise to testimonial hearsay. Nor does he identify a holding of the California Court of Appeals in this case that was so "transparently" erroneous "that no fairminded jurist could agree." *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (per curiam).

**AFFIRMED.**